S. Samuel Di Falco, S.
The court holds that in view of the clear statement of the testator’s intent as expressed in Article Third, paragraph 15 of the will the trusts will terminate on the death of the trustee named. If either or both of the income beneficiaries die before the trustee the income of the share of the one so dying will be payable to the estate of such income beneficiary as the person presumptively entitled to the next eventual estate (Real Property Law, § 63).
The court cannot agree with the contentions of the parties that the death of the widow will terminate the trust for her benefit. The testator’s action in including in the trusts only interests in corporations or partnerships in which he was an officer, director or partner is a clear indication that he was concerned not only with the maintenance and support of his wife and daughter but that he desired an orderly liquidation of these assets by his surviving brother, the trustee. The argument of the parties, that the only reason for the creation of the trust was the maintenance and support of testator’s wife and child and that once this was accomplished and the beneficiary deceased the trust must end, is therefore without basis. Testator’s intention is clearly expressed in Article Third, paragraph 15 which reads: ‘ ‘ The said trust shall terminate and come to an end with the death of the said Trustee, whereupon the corpus of said trust fund shall vest absolutely in each of the beneficiaries *990 named hereinabove. ’ ’ Such imperative language and the nature of the assets suffice to except this case from the rule expressed in Crooke v. County of Kings (97 N. Y. 421). Speaking there of stipulated and natural terms as measuring the duration of a trust the court recognized the exceptions for it said at page 440: “ Unless the language of the will creating the trust imperatively forbids, where both terms are present as elements of the creation, it must be construed to run for the natural term, except as shortened by the stipulated term; or for the stipulated term as shortened by the natural term.” (Emphasis supplied.) We cannot even presume that the natural term is the life of the wife or daughter under the circumstances of this case as indicated above.
The court holds that the trustee has the power to invade the principal of either of the two trusts for the support and maintenance of the two beneficiaries. If any such invasion shall occur it shall be chargeable to the trust created for the widow if the expenses paid are for her support and maintenance and to the trust created for the daughter if the expenses paid are for the daughter’s support and maintenance. When the will is read as a whole the testator’s intention to treat Ms wife and daughter in like manner except for payment of taxes out of the daughter’s trust is evident. He was equally concerned with the support and maintenance of each. It would be illogical to assume that he intended to diminish the daughter’s income by any invasion for the wife’s maintenance and support since he set up a substantial trust for the wife. It would be equally illogical to assume that he would wish the wife’s income to suffer by any emergency that might befall the daughter. Obviously, when he authorized invasion of the “trust” he meant each trust.
The court holds that the broad powers and authority conferred upon the trustee do not give Mm the right to invest the entire estate in nonincome producing property.
To uphold such a contention here would be to say that the expressed desire of the testator to provide support and maintenance for his widow and child could be thwarted by conversion of the entire estate into nonincome producing assets. Such action by the trustee would be destructive of the means used by the testator to effectuate his purpose. Obviously, the intention is to exonerate the trustee from liability for temporarily holding nonincome producing assets while awaiting liquidation or reinvestment or as incident to the production of income to the estate. If at any time the trustee were to invest the assets of the *991 estate so as to threaten the support and maintenance of the beneficiaries, resort could be had to this court for review and determination of the propriety of his acts. (Matter of Shupack, 1 N Y 2d 482.)
Submit decree on notice construing the will accordingly.